UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-646

| | |
|---|---|
| KRISTA MAGDALENE AIDALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ACTING COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. | |

This matter comes before the Court on Defendant's Objection, (Doc. No. 13), to the Magistrate Judge's Decision, (Doc. No. 12).

## I. Background

Plaintiff filed an application for disability insurance benefits in April 2018, alleging disability beginning January 2, 2018. (Id. at 1). A Social Security Administrative Law Judge ("ALJ") held a hearing to consider Plaintiff's application. (Id.). On May 1, 2020 the ALJ issued a decision finding that Plaintiff is not eligible for disability insurance benefits. (Id.). The ALJ's decision constitutes the Social Security Administration's final agency action on Plaintiff's claim. (Id.).

On November 20, 2020, Plaintiff filed a complaint challenging the Social Security Administration's denial of disability insurance benefits. (Doc. No. 1). On December 1, 2020, the Court referred this case to Magistrate Judge W. Carleton Metcalf "to make findings of fact, conclusions of law and to recommend disposition of any dispositive motion filed through submission of a Memorandum and Recommendation." The parties each filed motions for summary judgment. On November 1, 2021, Judge Metcalf issued a Memorandum and

Recommendation in this matter, recommending that Plaintiff's Motion for Summary Judgment be granted, that Defendant's Motion for Summary Judgment be denied, and that the case be remanded to the ALJ for further consideration. (Doc. No. 12 at 15). On November 15, 2021, Defendant filed an Objection to Judge Metcalf's Memorandum and Recommendation. (Doc. No. 13).

## II.     Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the M&R and grant relief in accordance therewith.

## III. Discussion

In its objection, the Government argues that Judge Metcalf "erred when finding substantial evidence did not support the ALJ's determination that Plaintiff could perform jobs existing in significant numbers in the national economy based on her age, education, work experience, and RFC." (Doc. No. 13 at 1–2). The Government's objection broadly recapitulates the ALJ's conclusions with respect to physical and mental RFC limitations, notes that the "substantial evidence standard" sets a low bar for the Court to uphold an ALJ's findings, and argues that the ALJ's analysis in this case satisfied the standard. The Court disagrees.

As Judge Metcalf found, the ALJ's analysis was hampered by a number of errors, including failure to discuss a significant discrepancy in medical opinions regarding whether Plaintiff can perform "medium" work, (Id. at 7), application of the incorrect legal standard in his consideration of Plaintiff's fibromyalgia, (Id. at 10), and failure to adequately explain how Plaintiff could perform "routine tasks of unskilled work" despite trouble concentrating, (Id. at 14). These factors prevented the ALJ from building an accurate and logical bridge from the evidence to the conclusion that Plaintiff could perform work existing in substantial numbers in the national economy. As a result, the Court cannot determine whether substantial evidence supports the ALJ's findings that medical improvement occurred. Therefore, the Court will overrule the Government's objection, and the Court will affirm the magistrate judge's M&R.

## IV. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is consistent with applicable law and the evidence in the record. Based on such determinations, the Court will affirm the M&R and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Objection (Doc. No. 13) is **OVERRULED**, the Memorandum and Recommendation (Doc. No. 12) is **AFFIRMED,** Plaintiff's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**, the Government's Motion for Summary Judgment (Doc. No. 10) is **DENIED**, and this matter is **REMANDED** in accordance with the M&R of the magistrate judge.

**IT IS SO ORDERED**.

Signed: December 10, 2021

Max O. Cogburn Jr.
United States District Judge